## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL JOHN BUI, | Case No. 19-CV-2785-DWF-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. ATTORNEY, CHAD A. BLUMENFELD, and U.S. MARSHALS, | |
| Defendants. | |

This matter comes before the Court on (1) Plaintiff Michael John Bui's Complaint, ECF No. 1; (2) Mr. Bui's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (IFP Application); and (3) Defendants' Motion to Dismiss, ECF No. 6. For the following reasons, the Court recommends dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2), denying the IFP Application, and denying the Motion to Dismiss as moot.

Mr. Bui filed the Complaint on October 25, 2019. *See* Compl. 1.[1] The Complaint is hard to follow, but it appears to demand that Defendants "tell [Mr. Bui] who [he] need[s] to sue" in a separate action that Mr. Bui filed in this District—specifically, *Bui v. Berryhill*, No. 19-CV-0839 (KMM) (D. Minn.). *Id.* at 7. That action appears to challenge a determination that Mr. Bui received an overpayment from the Social Security

---

[1] Because the Complaint is not consecutively paginated, references to it use the page numbers provided by the Court's CM/ECF filing system.

Administration. *See generally* Not. of Removal of Action to Federal Court, *Bui v. Berryhill*, No. 19-CV-0839 (KMM) (D. Minn. Mar. 25, 2019). Mr. Bui's Complaint here also seems to demand an "answer" in his other action. *Id.* In addition, the Complaint contains a paragraph about a third action, one that Mr. Bui filed in Minnesota state court against Federal Express Corporation and the Minnesota Unemployment Insurance Program. *See id.*; *see also* Register of Actions, *Bui v. Federal Express Corp.*, Case No. 27-CV-19-2571 (Minn. Dist. Ct.), *available at* http://pa.courts.state.mn.us (last accessed Jan. 10, 2020).[2] Unfortunately, that paragraph is unclear; the Court cannot tell what Mr. Bui seeks in relation to that case.

Rather than pay this action's filing fee, Mr. Bui moved for permission to proceed *in forma pauperis* (IFP) in this action. *See* IFP Appl. While review of the IFP Application was pending, Defendants filed the Motion to Dismiss. Mr. Bui filed a lengthy letter with the Court on the same day that the Defendants filed the Motion to Dismiss, *see generally* ECF No. 11, but it does not appear to respond to that motion,[3] and Mr. Bui has filed nothing further.

After review, the Court concludes that Mr. Bui qualifies financially for IFP status. But an IFP application will be denied—and an action dismissed—when an IFP applicant

---

[2] This state-court record is not attached to any filings. It is publicly accessible, however, and this Court may take judicial notice of public court records. *See, e.g.*, *Bellino v. Grinde*, No. 18-CV-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases).

[3] Indeed, Mr. Bui's letter appears to largely consist of copies of email messages, written mostly in Vietnamese, going to and from Mr. Bui. It is not clear what these materials have to do with this action or with Mr. Bui's other pieces of litigation.

has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). The Court must therefore determine whether the Complaint states a cause of action for which this Court can grant relief.

In reviewing whether the Complaint states a claim for which relief may be granted, this Court must accept its factual allegations as true and draw all reasonable inferences in Mr. Bui's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The Complaint's factual allegations need not be detailed, but must be enough to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the Complaint's sufficiency, this Court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

Reviewing the Complaint, the Court concludes that Mr. Bui has failed to state a cause of action for which this Court can grant relief. Simply put, Mr. Bui appears to have filed this Complaint as an effort to trigger a response in his earlier case concerning Social Security benefits. But without more, a demand for such an update is not a cause of

3

action.  Furthermore, that action's docket indicates that the defendant in the other case has indeed responded to the complaint.  *See generally* Docket, *Bui v. Berryhill*, No. 19-CV-0839 (KMM).  Specifically, the defendant filed a motion to dismiss the complaint for lack of jurisdiction, further briefing on which was submitted within the last few days.  It is now up to Mr. Bui to respond to that motion.  In light of this reality, the Court is unaware of any applicable cause of action that Mr. Bui could press here.

The Court therefore recommends that the Complaint be dismissed, that the IFP Application be denied, and that the Motion to Dismiss be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff Michael John Bui's Complaint, ECF No. 1, be **DISMISSED** without prejudice.

2. Mr. Bui's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, be **DENIED**.

3. Defendants' Motion to Dismiss, ECF No. 6, be **DENIED** as moot.

Date:  January 23, 2020                                              *s/Katherine Menendez*
                                                                                  Katherine Menendez
                                                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).